IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YUNEL FONSECA REYES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-26-CV-017-FB |
| | § | |
| PAMELA BONDI, United States Attorney | § | |
| General; KRISTI NOEM, Secretary of the | § | |
| United States Department of Homeland Security; | § | |
| TODD M. LYONS, Director of United States | § | |
| Immigration and Customs Enforcement; | § | |
| SYLVESTER ORTEGA, Field Office Director | § | |
| for Detention and Removal, U.S. Immigration | § | |
| and Customs Enforcement; and ROSE | § | |
| THOMPSON, Warden, Karnes County | § | |
| Immigration Processing Center, | § | |
| | § | |
| *Respondents.* | § | |

### *ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS*

Before the Court are the Complaint for Declaratory and Injunctive Relief, Petition for Writ of Habeas Corpus filed on January 5, 2026 (ECF No. 1), and the Federal Respondents' Abbreviated Response to Habeas Petition and Request to Proceed Without Oral Argument filed on January 20, 2026 (ECF No. 10).

### DISCUSSION

Respondents have submitted their Abbreviated Response to preserve the legal issues and to conserve judicial and party resources. They acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable

law, the Court will grant the Petition for the same reasons stated in the prior relevant decisions identified

in the Abbreviated Response. While Respondents respectfully disagree with those decisions, the factual

and legal issues presented in this case do not differ in any material fashion from those presented in the

identified decisions. As requested by Respondents, the Court hereby incorporates the filings in those

cases into the record in this case.

Therefore, for reasons previously stated in other cases, the Court finds as follows: (1) it has

jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have

violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8

U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in

habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No.

5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this

time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines

to consider any constitutional or other challenge presented. Under the facts and circumstances of this

case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas filed pursuant to

28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

1.    Respondents are **DIRECTED** to **RELEASE** Petitioner Yunel Fonseca Reyes (A220-785-

       367) from custody, under appropriate conditions of release no more restrictive than those

       in place prior to the detention at issue in this case, to a public place **as soon as**

       **practicable, but in no event later than Thursday, January 22, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel by email [ednay@americangateways.org

or amandaa@americangateways.org] or by an in-person telephone conference [Ms. Yang

at (512) 478-0546 ext. 202 or Ms. Aguilar at (512) 254-5237] (a voicemail does not

comply with this order) of the exact location and time of Petitioner's release as soon as

practicable and at least two hours before his release.

3.      Any possible or anticipated removal or transfer of Petitioner under this present detention

is **PROHIBITED**.

4.      If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must

be followed, including that he be afforded a bond hearing.

5.      The Respondents shall **FILE** a Status Report no later than **January 23, 2026**, confirming

that Petitioner has been released under conditions of release no more restrictive than

those in place prior to the detention at issue in this case.

7.      Petitioner's request for an award of reasonable attorney's fees and costs pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is DENIED.

8.      Motions pending, if any, are DISMISSED AS MOOT, and the Clerk is DIRECTED to

CLOSE this case.  A final judgment will issue separately.

It is so ORDERED.

SIGNED this 20th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE